SUMMERS, Justice
(dissenting).
It is my opinion that the notice of appeal furnished by Milam’s counsel met the requirements of La.R.S. 33:2561, for, in effect, the notice of appeal contained a complaint that the decision of the board was not “made in good faith for cause”.
The notice read as follows:
“MITCHELL M. EVANS
ATTORNEY AT LAW
De Ridder, Louisiana 70634
June 1, 1968
REGISTERED - RETURN RECEIPT REQUESTED
Mr. C. H. Clanton, Chairman
Municipal Fire and Police Civil Service Board
DeRidder, Lortisiana
In Re: Reinstatement of Lonzo S. Milam File No. 68-6000
Dear Mr. Clanton:
As the attorney for Mr. Lonzo S. Milam, I hereby give notice to the Board that *227 Mr. Milam will appeal the decision rendered by the Board on May 10, 1968. This appeal is taken all in accordance with Revised Statutes 33:2565, and is made returnable to the 30th Judicial District Court, Parish of Beauregard, State of Louisiana. I am also requesting that written findings of fact and all papers on filé with the Office of the Board effecting this decision be filed with the Clerk of Court of the 30th Judicial District Court, Parish of Beauregard, State, of Louisiana.
The grounds for this appeal is as follows:
1. In coming to the conclusion and finding that Mr. Milam was negligent in overspending the amount budgeted for overtime and other mismanagement of the budget.
2. In coming to the conclusion and finding that a letter or article written by Mr. Milam, which was published in the local newspaper on February 29, 1968, would prejudice a defendant and thereby prevent successful prosecution of the defendant in the courts.
3. In coming to the conclusion and finding that Mr. Milam deliberately-violated the instructions of his superior officer, Mr. Chandler, and showed an unwillingness to perform the duties of his position in a satisfactory manner.
4. In coming to the conclusion and finding that Mr. Milam refused to accept any supervision or control from Mr. Chandler all in accordance with Section 5-04 of the Charter of the City of DeRidder.
5. In coming to the conclusion and finding that Mr. Milam was guilty of insubordination toward Mr. Chandler, the Administrative Officer.
6. In coming to the conclusion and finding that Mr. Milam as a shareholder of a local collection agency were prejudicial to the Police Department and the Municipal Government of the City of DeRidder.
7. In finding generally that there was good cause for suspending Mr. Milam as Chief of Police.
I am also sending a carbon copy of this letter to Mr. L. H. Coltharp, Jr., City Attorney, for his files.
Thanking you for your kind cooperation in this matter, I am,
Very truly yours,
Mitchel M. Evans
Appeal to the 30th Judicial District Court, Parish of Beauregard, State of Louisiana, approved by:
Lonzo S. Milam
MME :jb
cc: Mr. L. H. Coltharp, Jr.”
*229 Seven assignments of error in the Board’s decision were listed in the notice of appeal filed by Milam’s counsel. These assignments were essentially complaints that the Board was in error when it concluded that the six “causes” assigned for Milam’s suspension had been established; for the assertion that the Board’s conclusions were erroneous was in reality an assertion that the grounds alleged as a cause for suspension were without foundation — that is to say, there was no “cause” for the suspension of Milam.
In addition to setting forth that the Board erroneously concluded that the six causes for suspension had been established, a seventh ground for the appeal set forth that it was error to find that there was “good cause” for suspending Milam. Though in-artistically drawn, this seventh basis for appeal essentially supplies the requirement that the appeal can only be made on the ground that the decision of the Board was not made in “good faith for cause” as set forth in La.R.S. 33:2561.
A specific use of the words “good faith for cause” is nowhere required in the law. As in other pleadings, the facts alleged and not the conclusions of law govern the sufficiency of a pleading. To require otherwise would be to impose more stringent technicalities in these administrative proceedings, intended to be free of legal technicalities, than is the case in pleadings before courts under our procedural code.
Thus, it is my view that if Milam can sustain the allegations set forth as grounds for his appeal, he will convincingly demonstrate that the decision made by the Board was not made in good faith for cause under the provisions of the Municipal Fire and Police Civil Service Law— La.R.S. 33:2472 et seq. Since appeals are generally favored in our law, I feel that the majority has imposed technical requirements for an appeal which the law does not support and, by doing so, has deprived Milam of the favored right of appeal.
I respectfully dissent.